PROVIDENCE MOUNTS *v.* R. DENVILLE'S HEIRS ET AL.

**Curtsey—Jurisdiction—Presumption.**

> Where plaintiff's claim to curtesy depends for its validity upon the invalidity of a decree for divorce rendered in another state, it will be presumed, in the absence of evidence to the contrary, that the court rendering the decree of divorce had jurisdiction and that the decree is valid.

APPEAL FROM WEBSTER CIRCUIT COURT.

January 29, 1874.

OPINION BY JUDGE PETERS:

As to the appeal of Providence Mounts, his former wife, Emily W. Mounts, was by the judgment of a court having jurisdiction of the subject, divorced from him more than twenty years before he instituted this suit to recover this land as tenant by curtesy. He never, after the rendition of the judgment divorcing her, exercised or attempted to exercise any marital rights. They lived separate, and from all that appears in the case, the court of Iowa had jurisdiction to grant the divorce. The opinion in *Maguire v. Maguire,* 7 Dana 181, is based upon the ground that, according to the statutes of Kentucky, the court had no jurisdiction, and this court reversed the judgment of the chancellor so far as it made a disposition of the property of the parties, but dismissed the writ of error so far as it sought a reversal of the decree for a divorce, because it had no revisory power of that part of the decree.

We must assume, in the absence of evidence to the contrary, that the court of Iowa, which pronounced the decree divorcing Mrs. Mounts, had jurisdiction, and that the decree was valid, and barred his right to any of her land as tenant by curtesy.

Judgment affirmed.

*Cook & Givens, for appellant.*

*D. H. Hughes, Bush, for appellees.*

